I concur in the majority's opinion that plaintiff is entitled to receive temporary total disability benefits as a result of a compensable injury by accident on March 8, 2002, and that he is entitled to medical expenses under N.C. Gen. Stat. §§ 97-2(19),97-25, including the pain specialist recommended by Dr. Cuce on April 27, 2004. However, I dissent from the majority's award of continuing temporary total disability compensation and would affirm the Deputy Commissioner's suspension of plaintiff's benefits as of April 29, 2003 when he unjustifiably refused suitable employment.
Dr. Cuce, the only medical expert who testified, found plaintiff was at maximum medical improvement and released plaintiff to return to his regular job on April 22, 2003. Dr. Cuce noted that he did not think the medial side of the tibia would unionize even with the use of a bone stimulator, but that he believed surgical intervention was not necessary. He concluded "given the fact that he has no pain over the fracture site itself, I'm releasing him back to his job at full duty status."
Defendant-employer offered plaintiff work on April 29, 2003. Plaintiff refused to return to work until the FCE was done on May 13, 2003. Although Dr. Cuce did not order the FCE, at his deposition he reviewed the FCE results and plaintiff's job description, and his opinion remained that plaintiff was capable of performing the proffered job. No other medical expert testified regarding plaintiff's pain level or ability to return to work. Therefore, I would hold that plaintiff unjustifiably refused suitable employment and therefore as of April 29, 2003, his compensation should be suspended until his refusal ceases. N.C. Gen. Stat. § 97-32.
The next time Dr. Cuce saw plaintiff was April 27, 2004, a year later. At that time plaintiff had lost a lot of weight, was unable to sleep and was depressed. Dr. Cuce referred plaintiff to a pain specialist, but his opinion continued to be that plaintiff was capable of some work.
Lastly, I disagree with the majority that defendants' filing a Form 24 and subsequent Form 33 constituted stubborn, unfounded litigiousness under N.C. Gen. Stat. § 97-88.1. Defendants reasonably relied on Dr. Cuce's opinion that plaintiff was at maximum medical improvement and was capable of full-duty work. Defendants offered plaintiff suitable employment and should not be sanctioned for filing a Form 24 and subsequent Form 33 under such circumstances.
For the foregoing reasons, I must respectfully dissent in part from the opinion of the majority in this case and would suspend plaintiff's benefits as of April 29, 2003, and would not impose sanctions under N.C. Gen. Stat. § 97-88.1.
 S/__________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER